Eager, J.
This action is by the Troy Savings Bank to foreclose a mortgage against apartment house premises. General Motors Acceptance Corporation (G. M. A. C.) as assignee of the conditional seller of a quantity of Frigidaire household plug-in electric refrigerators is made a party defendant, the plaintiff claiming that the Frigidaires are subject to the lien of its mortgage by virtue of an after-acquired property clause therein contained. Defendant G. M. A. C. now moves for summary judgment dismissing the complaint as to it, claiming to hold title to the units free of the mortgage.
The Frigidaire units in question were a portion of 123 of such units originally sold on January 7, 1952, by Frigidaire Sales Corporation (hereinafter referred to as Frigidaire) to E. Totonelly Sons, Inc., of Newburgh, New York (hereinafter referred to as Totonelly). This was a conditional sale by written contract providing for reservation of title in the seller t until payment of the price and providing for payment of price on the 10th of the month following delivery. The contract provided for the delivery of the units to Totonelly at premises in Newburgh, New York, of Carobene Apartments, Inc. (herein referred to as Carobene). There were no provisions in the written contract either authorizing or prohibiting a resale of the units to Carobene.
It appears that Totonelly, in January, 1952, was engaged in the general contracting and construction business and held a contract to construct an apartment house or houses upon the said premises of Carobene. The construction was financed by a Federal Housing Administration (F. H. A.) construction loan mortgage, dated June 1, 1951, executed by Carobene to the County Trust Company and covering the said premises of Carobene. The mortgage contained a standard after-acquired pi .-perty clause setting over to the mortgagee “ all fixtures and articles of personal property now or hereafter attached to or used in and about the building or buildings now erected or .hereafter to he erected * * * which .awe necessary to the *361 complete and comfortable use and occupancy of such building or buildings * * * including * * * refrigerating * * * equipment ”. The loan secured by this mortgage was paid over by the mortgagee to Carobene in installments during the progress of construction and equipment of the buldings, the final advance (balance of mortgage loan) being paid over on September 2, 1952. In the meantime, and from time to time, until July 16, 1952, Frigidaire, pursuant to contract of conditional sale aforesaid, made deliveries of Frigidaire units to Totonelly on the Carobene premises, and the plaintiff claims that the final advance aforesaid was made in reliance upon representations by Carobene that the Frigidaire units were paid for and free of all liens and encumbrances. Following the final advance, and on September 9, 1952, the mortgage was assigned by the County Trust Company for value to the plaintiff Troy Savings Bank, and the latter claims that it took the mortgage in good faith believing it covered the units and that they were paid for.
Altogether 110 units were delivered, but Totonelly only paid for 42 of them. It appears that Frigidaire was assured by Totonelly that the balance owing to it for the units delivered would be paid from the proceeds of the final advance and, in fact, a number of the units were delivered in reliance upon Totonelly’s express representation to this effect. Finally, when it was apparent that Frigidaire was not to be paid by Totonelly for 68 of the units, and commencing in the latter part of September, 1952, there were negotiations by Frigidaire with Totonelly looking toward the surrender and cancellation of the original short-term conditional sales contract, and the entering into by Frigidaire of a long-term conditional sales contract calling for the conditional sale by Frigidaire directly to the owner of the apartment house premises of the particular 68 units not paid for. At this time, the 68 units were already in ppssession of such owner (Carobene) and were then in use by its tenants. The plaintiff claims that Totonelly orally agreed to and did surrender and release, effective January 14, 1953, all of its interest in and title to the said 68 units, and, that, in consideration thereof Frigidaire did release Totonelly from liability for further payments for the units and agreed to resell them to Carobene, under a new contract of conditional sale. Thereupon, Frigidaire did enter into a new written contract of conditional sale, dated January 14, 1953, for the sale of the units to Carobene on a five-year basis. Carobene signed a delivery receipt acknowledging receipt of the units as of Jan *362 uary 23,1953. The new conditional sales contract was assigned to GL M. A. 0. and was, on January 20, 1953, duly filed in the office of the city clerk of the city of Newburgh, New York. In the meantime, however, the real estate mortgage, as hereinbefore mentioned, had been assigned to the plaintiff bank which acquired same for value believing that it was acquiring a first lien upon the units. Finally, Oarobene became in default upon the plaintiff’s mortgage and also with respect to the installment payments due under the conditional sales contract held by Gr. M. A. C. and this action was brought. There are substantial balances owing upon the plaintiff’s mortgage and also under the conditional sales contract.
In view of the foregoing circumstances, and upon a consideration of the pleadings, affidavits and exhibits, I am of the opinion that the motion by Gr. M. A. C. for summary judgment must be denied. There are issues requiring a trial. Concededly, conditional sales are valid transactions in this State, and the title of the conditional seller is to be sustained as against the buyer and those claiming under him except as otherwise expressly provided by statute. (Personal Property Law, § 64.) But, in the circumstances here, there are statutory provisions which may be applicable to avoid the title asserted by Gr. M. A. 0. as assignee of the conditional seller. It is noted that the original sale, in connection with which Frigidaire reserved title, was to the general contractor engaged in building and equipping aii apartment house for Oarobene. The units were to be used in said building by Oarobene and were delivered to the premises of Oarobene. Under all the circumstances, a trier of the facts may very well find that, in connection with the sale, there was implied consent on the part of Frigidaire that the contractor might resell them to Oarobene prior to the payment of the price, and that on or shortly after delivery of the units by Frigidaire in 1952, there was in fact a sale and delivery of the same for value by Totonelly to Oarobene in the ordinary course of business. If it be so found, then, in my opinion, section 69 of the Personal Property Law would apply to the said 1952 conditional sales transaction, and, by virtue of the provisions of said section, Frigidaire’s reservation of title in the said transaction would be void as against Oarobene and as against purchasers and mortgagees in good faith from it.
The contention by the defendant Gr. M. A. C. is that the provisions of section 69 are inapplicable as a matter of law to the 1952 transaction in that, according to it, the section was intended to be applicable only to transactions where there is an express *363 agreement for resale or where the sale is a conditional sale of merchandise to a retail merchant with the knowledge on the part of the seller that the goods are to be pnt into the retailer’s stock in trade. I see no reason, however, to so limit the application of this section. The wording thereof is such as to make it applicable to any and all conditional sales of chattels where there is consent, express or implied, on the part of the seller to a resale of the same for value. Clearly, it may apply to a conditional sale of building equipment to a contractor where the parties understand that the equipment is to be resold and installed for permanent use in buildings which the contractor is erecting and equipping for others. On such a transaction, the questions would be whether or not it was contemplated that the contractor in the ordinary course of business would resell the equipment to building owners and whether or not there was in fact such a resale for value. Of course, it is understood that here, in the case at bar, Gr. M. A. C. disputes that Frigidaire expressly or impliedly consented to a 'resale by Totonelly of the units to Carobene and that there was in fact such a resale for value vesting Carobene with absolute title prior to January, 1953; and the holding here is merely that there are issues requiring a trial. If it be found as a matter of fact that Frigidaire furnished the units with the consent, express or implied, that the same be resold by Totonelly to Carobene in order that Totonelly might fulfill its contract and be paid the contract price in full, including for the particular units, then, for Frigidaire to insist on ownership following a resale for value to Carobene would be contrary to the underlying purpose of the transaction. Assuming such purpose was to vest title in Carobene so that Totonelly might be paid, then it is my opinion that the statute applies, and further and in any event, that, upon equitable principles, Frigidaire should and would be estopped from asserting a title as against bona fide purchasers and mortgagees from Carobene. .
It is true, as claimed by G. M. A. C. that Carobene was at all times chargeable with knowledge (possessed by its officer, Frank Totonelly) of the outstanding title of Frigidaire and that the conditional sales price for the units was unpaid. However, it is immaterial that Carobene may have purchased the units with such knowledge. Under the provisions of section 69, the “ questions of fact that are triable * * * are: (1) whether the [conditional] seller consents that the buyer may resell them [the chattels], the consent being either express or implied; and (2) whether the resale is for value iu the ordinary course *364 of business.. Knowledge by the purchaser of the reservation in the contract and the good faith of the purchaser alike are immaterial. The tests of the statute become the sole guides.” (First Nat. Bank of Binghamton v. Hermann Co., 275 App. Div. 415, 420-421.)
In passing, it should be noted that I have considered the fact that section 69 purports to void the title of the conditional seller solely as against “ purchasers under a resale from the buyer ” and that this term does not include mortgagees from the conditional buyer. (See Recommendations of the Law Revision Commission to the Legislature in connection with amendment to section 69 as set forth in 1941 Report of N. Y. Law Revision Commission, pp. 241-243.) The plaintiff here does not claim as a mortgagee from the conditional buyer. It claims under a mortgage from the purchaser from such buyer. If such purchaser (in this case, Carobene) acquired good title, then, of course, it would be in position to validly transfer or encumber the property. Here, plaintiff’s assignor, as mortgagee, claiming under the mortgage given by Carobene, would acquire a good lien against the units by virtue of the after-acquired property clause in the mortgage, that is, if Carobene did become absolute owner of the units free of Frigidaire’s reservation of title on the sale in 1952; and such mortgage lien would not be divested by the transaction in January, 1953, whereby Carobene acknowledged the title of Frigidaire and executed a new conditional sales contract as the buyer from Frigidaire.
Submit order on notice denying the motion.